IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 4, 2024

**ALYSSIA ARNOLD ET AL. v. JAY WITT**

**Appeal from the Circuit Court for Lincoln County**
**No. 2023-CV-16     M. Wyatt Burk, Judge**
_____

**No. M2023-00803-COA-R3-JV**
_____

This appeal arises out of a petition filed by Alyssia Arnold and Donavan Levenhagen (collectively, "Appellants") seeking visitation with three minor children, Appellants' half-siblings. The respondent moved to dismiss Appellants' petition for visitation due to a lack of standing. The Lincoln County Juvenile Court ("juvenile court") granted the motion to dismiss. Appellants appealed to the Lincoln County Circuit Court ("circuit court"), which also granted a motion to dismiss. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

W. Garrett Honea, Fayetteville, Tennessee, for the appellants, Donovan Levenhagen and Alyssia Arnold.

Jonathan C. Brown, Fayetteville, Tennessee, for the appellee, Jay Witt.

**OPINION**

**BACKGROUND**

Appellants are the adult half-siblings of three minor children. The minor children are triplets born in 2008. Jay Witt ("Appellee") is the father of the minor children. Lisa Witt is the mother of Appellants and the minor children; Ms. Witt passed away on May 26, 2021. Appellee and Ms. Witt were married at the time of her death. Thereafter, on December 24, 2022, Appellee remarried.

On January 19, 2023, Appellants filed a "Petition for Specific Visitation" with the minor children in the juvenile court. In their petition, Appellants aver that they have had an "extremely close bond" with the minor children for the entirety of their lives and that it is in the best interests of the minor children to continue that bond. Specifically, they assert that Appellee had recently cut off nearly all communication between Appellants and the minor children and that he intended to unenroll the minor children from their current school and relocate with the minor children to Savannah, Georgia.[1] Appellants requested visitation rights, including the right to unrestricted and unmonitored communications with the minor children, the right to visit the minor children during certain school breaks, and the right to be allowed to know of and attend the minor children's school functions.

On February 14, 2023, Appellee filed a Motion to Dismiss Appellants' petition due to a lack of standing, lack of venue, and failure to state a claim upon which relief could be granted. On March 1, 2023, the juvenile court granted Appellee's Motion to Dismiss. The juvenile court noted that "parental rights constitute a fundamental liberty interest" under the Tennessee Constitution and that the right to privacy "fully protects the right of parents to care for their children without unwarranted state intervention." The juvenile court was "not aware of any statute or case law [t]hat would allow [it] to compel [Appellee] to allow 'sibling visitation.'" Therefore, it concluded, "[Appellants] lack standing, and the [juvenile c]ourt has no option but to dismiss the case."

On March 7, 2023, Appellants appealed this dismissal to the circuit court. Appellee again filed a Motion to Dismiss. On May 2, the circuit court granted Appellee's Motion to Dismiss for the same reasons cited by the juvenile court, holding:

> As our Supreme Court has elucidated, "the Tennessee Constitution protects the fundamental right of natural parents to have the care and custody of their children" and "requires that courts deciding initial custody disputes give natural parents a presumption of 'superior parental rights' regarding the custody of their children." *Blair*[ *v. Badenhope*], 77 S.W.3d [137,] 141 [(Tenn. 2002)] (quoting *In re Askew*, 993 S.W.2d 1, 4 (Tenn. 1999)). Persons who are not a child's biological parent do not possess the same constitutionally protected interests as are possessed by a biological parent. *Ray v. Ray*, 83 S.W.3d 726, 732 (Tenn. Ct. App. 2001). "[W]hen faced with competing custody claims by a biological parent and a third party, the courts must favor the biological parent." *Id.*

---

[1] We are unable to discern from the record when exactly Appellee relocated to Savannah, Georgia with the minor children. In their petition, filed January 19, 2023, Appellants state that Appellee was "planning on unenrolling the minor children from their current school and move to Savannah, Georgia." However, in his Motion to Dismiss filed February 14, 2023, Appellee stated that he had already moved to Georgia.

Quoting *Blair*, the circuit court explained, "the presumption of superior parental rights recognizes that 'parental rights are superior to the rights of others and continue without interruption unless a biological parent consents to relinquish them, abandons his or her child, or forfeits his or her parental rights by some conduct that substantially harms the child.'" *See Blair*, 77 S.W.3d at 141 (quoting *O'Daniel v. Messier*, 905 S.W.2d 182, 186 (Tenn. Ct. App. 1995)). The circuit court noted that there was no evidence that Appellee ever voluntarily relinquished his superior parental rights by transferring custody to a non-parent and that the petition did not assert that keeping the minor children in Appellee's custody would result in any "substantial harm." Therefore, it concluded:

> Although standing for custody determinations is legislatively afforded to certain classes of persons, (i.e. biological and adoptive parents, grandparents, and stepparents of minor children) the Tennessee Legislature simply has not afforded original standing to siblings of minor children. The undersigned is not aware of any statute or case law that would allow the [circuit c]ourt to compel [Appellee] to allow for "sibling visitation." The undersigned does appreciate the desires of [Appellants] to continue to foster a relationship with their half-siblings; however, the [circuit c]ourt is simply without legislative authority to mandate such, and must exercise appropriate judicial restraint by denying such a well-intended request.

This timely appeal followed.

## ISSUE

Appellants raise one issue on appeal, which they state as: Whether the trial court erred by failing to consider the best interest of the minor children in making a ruling on Appellee's Motion to Dismiss.

## STANDARD OF REVIEW

This case was resolved on a motion to dismiss. Our review is de novo upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. *Manning v. Manning*, 474 S.W.3d 252, 256 (Tenn. Ct. App. 2015) (citing Tenn. R. App. P. 13(d); *In re Taylor B.W.*, 397 S.W.3d 105, 112 (Tenn. 2013)). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *McGarity v. Jerrolds*, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013) (citing *Blair v. Brownson*, 197 S.W.3d 681, 684 (Tenn. 2006)).

**DISCUSSION**

As our Supreme Court has explained:

> The law is now well-settled that the Tennessee Constitution protects the fundamental right of natural parents to have the care and custody of their children. *See Nale v. Robertson*, 871 S.W.2d 674, 680 (Tenn. 1994); *Hawk v. Hawk*, 855 S.W.2d 573, 579 (Tenn. 1993). Through Article I, section 8 and its implicit recognition of parental privacy rights, our Constitution requires that courts deciding initial custody disputes give natural parents a presumption of "superior parental rights" regarding the custody of their children. *See In re Askew*, 993 S.W.2d 1, 4 (Tenn. 1999). Simply stated, **this presumption recognizes that "parental rights are superior to the rights of others and continue without interruption unless a biological parent consents to relinquish them, abandons his or her child, or forfeits his or her parental rights by some conduct that substantially harms the child**." *See O'Daniel v. Messier*, 905 S.W.2d 182, 186 (Tenn.Ct.App. 1995).

*Blair*, 77 S.W.3d at 141 (emphasis added). The United States Supreme Court has also observed parental autonomy as fundamental to the structure of our society, because the family is "the institution by which we inculcate and pass down many of our most cherished values, morals and cultur[e]." *Davis v. Davis*, 842 S.W.2d 588, 601 (Tenn. 1992) (quoting *Bellotti v. Baird*, 443 U.S. 622, 634 (1979)).

Currently, there is a statute allowing courts to grant visitation rights to non-parents even if the parents' rights have not been terminated. Commonly referred to as the "grandparent visitation statute," Tennessee Code Annotated section 36-6-306(a) provides grandparents standing to pursue court-ordered visitation with their minor grandchildren if visitation is "opposed by the custodial parent or parents or custodian or if the grandparent visitation has been severely reduced by the custodial parent or parents or custodian[.]" Notably, however, siblings do not come within the class of people to whom that statute allows courts to grant visitation. *See* Tenn. Code Ann. § 36-6-306(e); *see also In re B.E.D.*, No. W2003-02026-COA-R3-JV, 2004 WL 572342, at *1 (Tenn. Ct. App. Mar. 22, 2004) ("We find no authority granting an adult sibling visitation rights to a minor child."). This Court is constrained by the limited circumstances in which the General Assembly has authorized Tennessee courts to grant visitation to non-parents, and those circumstances do not exist in this case.

Section 36-6-106(a) of the Tennessee Code Annotated provides that "[i]n a suit for annulment, divorce, separate maintenance, or in any other proceeding requiring the court to make a custody determination regarding a minor child, the determination shall be made on the basis of the best interest of the child." Appellants argue on appeal that the circuit

court erred by not considering the best interest factors set forth in this statute; however, this case is not "a suit for annulment, divorce, separate maintenance, or [a] proceeding requiring the court to make a custody determination" regarding the minor children as custody and visitation are distinct issues under Tennessee law. *See, e.g.*, Tenn. Code Ann. § 36-6-301 ("After making an award of custody, the court shall, upon request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship . . .").  Therefore, section 36-6-106(a) does not apply in this case.

Like the circuit court, this Court "does appreciate the desires of [Appellants] to continue to foster a relationship with their half-siblings; however, th[is] Court is simply without legislative authority to mandate such, and must exercise appropriate judicial restraint by denying such a well-intended request."  Appellants lack standing, and this Court has no power to grant them visitation rights with the minor children.  Accordingly, we affirm the judgment of the circuit court.

## CONCLUSION

The judgment of the Lincoln County Circuit Court is hereby affirmed.  The costs of this appeal are taxed equally to the appellants, Alyssia Arnold and Donovan Levenhagen, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE